UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                     Case No. 17-CR-20183
                                     HON. MARK A. GOLDSMITH

SHELVIE LEWIS AVERY,

      Defendant.

_____/

### OPINION & ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (Dkts. 1154)

Pending is Defendant Shelvie Lewis Avery's pro se motion for compassionate release under the First Step Act (FSA) 18 U.S.C. § 3582 et seq. (Dkt. 1154).[1] Having considered all briefing and record materials submitted by the parties, the Court denies Avery's motion.[2]

### I.    BACKGROUND

Avery entered a guilty plea to count 1 of the superseding indictment, sex trafficking conspiracy under 18 U.S.C. § 1594(c) and to count 11, conspiracy to distribute a controlled substance under 21 U.S.C. § 841(a)(1). 1/24/23 Judgment (Dkt.973). He was sentenced to 228 months, on both counts, to run concurrently. Id.

---

[1] Avery's motion is presented on an Administrative Office form designate for pro se motions for compassionate release. Mot. (Dkt. 1154). His brief in support of his motion is presented as a separate docket entry. Dft. Br. (Dkt. 1155). However, the Court considers the two entries as one motion. The Government filed a response with a sealed exhibit. (Dkts. 1158, 1159).

[2] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). In addition to Avery's pro se motions, the Government filed a response (Dkt. 1158) along with a sealed exhibit in support of its response (Dkt. 1159).

## II.    ANALYSIS

The FSA provides for the compassionate release of federal prisoners, either by motion of the defendant or the United States Bureau of Prisons (BOP).  18 U.S.C. § 3582(c).[3]  Before granting a compassionate release motion, a district court must engage in a three-step inquiry: (i) the court must find that "extraordinary and compelling reasons warrant [a sentence] reduction"; (ii) it must ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (iii) it must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."  United States v. Jones, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).  If all of those requirements are met, the district court "may reduce the term of imprisonment," but it need not do so.  18 U.S.C. § 3582(c)(1)(A).

### A.  Extraordinary and Compelling Circumstances

Avery argues that the following extraordinary and compelling circumstances justify his release:  (i) his underlying health conditions put him at risk of severe illness or death if he were to be infected with airborne diseases, including COVID-19, particularly under the conditions at Federal Correctional Institution (FCI) Gilmer, Br. at PageID.14681–14684; (ii) his mother has dementia, needs a caregiver, and Avery's only living sibling who could be their mother's caregiver has stage-4 cancer, and also needs a caregiver herself; id. at PageID.14684; (iii) he has made efforts to address his addiction and rehabilitate himself while in prison, id. at PageID.14684–14685.

### 1.  COVID-19 and Health-Based Arguments

---

[3] Before an inmate moves for compassionate release under § 3582(c)(1), the inmate must either exhaust his or her administrative remedies with the BOP or wait 30 days from when the inmate filed a request with his or her warden.  18 U.S.C. § 3582(c)(1)(A); United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020).  Avery's motion states that he exhausted his administrative remedies. Mot. at PageID.14665.  Because the Government's brief does not address or challenge this statement, the Court will not evaluate exhaustion.

Avery argues that the conditions at FCI Gilmer place him at increased risk of contracting COVID-19. Avery Br. at PageID.14683. Under the Federal Sentencing Guidelines policy statement, U.S.S.G. § 1B1.13(b)(1)(D), extraordinary and compelling reasons for release can exist where the defendant presents the following circumstances:

(i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii) such risk cannot be adequately mitigated in a timely manner.

Avery argues that, at FCI Gilmer, "many people are sick but refuse to complaint [sic] to staff because the policy is to quarantine in disciplinary housing[.]" He also argues that there is "no modified operations to provide some social distancing," nor is there "any testing or screening being conducted." Id. To the extent that Avery's COVID-19 and health-based arguments center on his placement at FCI Gilmer, he has not set forth extraordinary or compelling reasons for his release because he is no longer incarcerated there. Avery is currently housed in FCI Elkton. See https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited 4/10/2026). The Court rejects Avery's COVID-19 based arguments.

Even if he were still at FCI Gilmer, the Court would still deny Avery's COVID-19 based arguments. As the Government correctly notes, the Sixth Circuit has repeatedly held that "the availability of the COVID-19 vaccines effectively eliminates the pandemic as a ground for compassionate release, no matter how severe the prisoner's medical condition . . . ." United States v. Hopkins, No. 22-1170, 2022 WL 18955859, at *2 (6th Cir. Oct. 6, 2022); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("[A] defendant's incarceration during the COVID-19 pandemic—

3

when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."). Here, the vaccine was offered to Avery and he avers that he has received it. Avery Br. at PageID.14682. The Court rejects Avery's COVID-19 risk based arguments.

Avery's motion (but not his brief in support of his motion) also alleges that his ability to provide self-care within the environment of prison is diminished and that he requires long-term and specialized medical care that he is not being provided while in prison. Mot. at PageID.14666–14667. The applicable Sentencing Commission policy statement states that extraordinary and compelling reasons for release may exist where "[t]he defendant is—suffering from a serious physical or mental condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B)(i). It also provides that such circumstances can exist where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." Id. at (b)(1)(C).

The Government's response discusses at length each of Avery's specific medical conditions and argues that: (i) the BOP provides him with necessary medical care, and (ii) Avery is capable of self-care. Resp. at PageID. 14703–14715. The Court agrees with the Government. The Government has attached Avery's sealed medical records, which establish that his health conditions of type two diabetes, cerebrovascular disease (and cerebrovascular activities or CBA), hyperlipidemia, hypertension, atrial fibrillation, and other diagnosed medical issues, including treatment for his partial colectomy, dental issues, and sleep apnea, have been treated by BOP through multiple clinical encounters. BOP Health Record, PageID.14728–14928 (Dkt. 1159-1). Indeed, these records

demonstrate extensive treatment for these ailments. Avery has not shown that the BOP has ever failed to treat him for any of his conditions. Nor has he shown that he is unable to provide self-care or that he is not expected to recover from these conditions.

The Court, therefore, finds that Avery failed to set forth extraordinary and compelling circumstances related to COVID-19 and BOP's treatment of his health conditions.

### 2. Caregiver for Family Members

Avery argues that an extraordinary and compelling reason for his release is that his mother, (who has dementia) and his only living sister (who has stage-4 cancer) need him to be their caregiver. Sentencing Commission policy statement U.S.S.G. 1B1.13, identifies as an extraordinary and compelling reason for a sentence reduction as: "The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. 1B1.13(b)(3)(A). It also could apply to a sibling, where it states:

> The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. 1B1.13(b)(3)(D).

The Government argues that Avery fails to establish material facts that support these assertions. Resp. at PageID.14717–14720. First, Avery provided no more than minimal information in his motion regarding his mother and his sister's health. Id. Second, the Government states that, at the time of Avery's presentence report, Avery had more than one living sibling and some were local to the Detroit area where his mother is believed to be. Id. Avery has not explained or shown that he is the only adequate caretaker for his mother and sister, much less that his other siblings are unavailable to do so. Id. Third, the Government challenges Avery's veracity. Specifically, the

5

Government avers that, because caring for someone with dementia is well-known to be complex and challenging, it is difficult to believe on one hand that Avery's medical needs are so great that he requires release to obtain adequate medical care for himself. Yet, at the same time, Avery is well enough to be capable of providing arduous care for his mother and sister, while also working full time to support himself outside prison. Id.

The Court agrees with the Government.  Courts regularly deny motions for compassionate release when the defendant fails to show that they are the only available caretaker for their immediate family member.  See United States v. Cole, No. 18-20237, 2021 WL 194194, at *2 (E.D. Mich. Jan. 20, 2021).  Avery has failed to make this showing here.  The Court also agrees that Avery's failure to provide any evidence, whatsoever, regarding his mother and sister's health issues and needs for care weigh against him.  Finally, the Court agrees with the Government that Avery's proposal of working full time to obtain health insurance, and simultaneously provide full-time care for two family members is impractical at best.  The Court, therefore. finds that Avery has failed to establish that caregiving for family members is an extraordinary and compelling reason to justify compassionate release.

### 3.  Rehabilitation

Avery argues that his post-offense rehabilitation and education present extraordinary and compelling circumstances warranting his release.  Avery Br. at pageID.14684–14685.  The Sentencing Commission's policy statement provides:

> Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

U.S.S.G. 1B1.13(c).

6

The Sixth Circuit has also explained that "Congress was emphatically clear that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t)."  United States v. Hunter, 12 F.4th 555, 572 (6th Cir. 2021).   As discussed above, Avery has not shown that there are other circumstances that, in combination with his educational and rehabilitative activity, could provide an extraordinary and compelling reason for release.  Avery's efforts at education and rehabilitation in prison, while commendable, do not present an extraordinary and compelling reason for release.

Because Avery has not shown an extraordinary and compelling reason to reduce his sentence, the Court need not evaluate the § 3553(a) factors.  See United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

### III.   CONCLUSION

For the reasons stated above, Avery's motion for compassionate release (Dkt. 1154) is denied.

**SO ORDERED.**

Dated: April 15, 2026          s/Mark A. Goldsmith
Detroit, Michigan              MARK A. GOLDSMITH
                               United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 15, 2026.

                               s/Joseph Heacox
                               JOSEPH HEACOX
                               Case Manager